UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JESSICA WEISE, et. al, </br>      Plaintiffs, </br></br>v. </br></br>CRITICAL MINERAL RECOVERY, INC., et. al </br>      Defendants. | No. 1:24-CV-00205 CMS |

## MEMORANDUM AND ORDER

On October 10, 2025, this Court ordered Plaintiffs Jessica Weise, Emily Boushie, and Matthew Bales to "show cause in writing why Plaintiffs' Complaint (Doc. 1) should not be dismissed without prejudice for lack of subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(d)(2)." (Doc. 42 at 2). Plaintiffs were also instructed to "show cause in writing why this Court should not 'decline to exercise jurisdiction' under 28 U.S.C. § 1332(d) pursuant to 28 U.S.C § 1332(d)(4)." (Doc. 42 at 2-3).

On October 24, 2025, Plaintiffs filed their "RESPONSE TO THE COURT'S ORDER TO SHOW CAUSE." (Doc. 43). Plaintiffs concede that this action is within the local controversy exception of 28 U.S.C. § 1332(d)(4) and request that

the Court "dismiss this action without prejudice for lack of subject matter jurisdiction." (Doc. 43 at 3).

28 U.S.C. § 1332(d)(4) provides:

(4) A district court shall decline to exercise jurisdiction under paragraph (2)--
    (A)(i) over a class action in which--
        (I) greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed;
        (II) at least 1 defendant is a defendant--
            (aa) from whom significant relief is sought by members of the plaintiff class;
            (bb) whose alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class; and
            (cc) who is a citizen of the State in which the action was originally filed; and
        (III) principal injuries resulting from the alleged conduct or any related conduct of each defendant were incurred in the State in which the action was originally filed; and
    (ii) during the 3-year period preceding the filing of that class action, no other class action has been filed asserting the same or similar factual allegations against any of the defendants on behalf of the same or other persons; or
    (B) two-thirds or more of the members of all proposed plaintiff classes in the aggregate, and the primary defendants, are citizens of the State in which the action was originally filed.

Plaintiffs concede they cannot meet these jurisdictional requirements for the following reasons:

(1) More than two-thirds of the class members in the aggregate are citizens of Missouri;
(2) Critical Mineral Recovery, Inc., from whom Plaintiffs seek significant relief and whose conduct forms a significant basis for Plaintiffs' claims, is deemed a citizen of Missouri;

(3) Plaintiffs' injuries occurred in the state of Missouri; and
(4) No other class action alleging similar facts was filed in the three years prior to the commencement of this action.

(Doc. 43 at 3).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' request to dismiss this action without prejudice for lack of subject-matter jurisdiction is GRANTED. Plaintiffs' Complaint (Doc. 1) is DISMISSED without prejudice.

Dated this 24th day of November, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE